# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALICE MADDOX,

    Plaintiff,

Case No. 3:04-cv-289

  -vs-

Chief Magistrate Judge Michael R. Merz

THE MARTIN COMPANY, LLC, et al.,

    Defendants.

## DECISION AND ORDER ON ATTORNEY FEES

This case is before the Court on Plaintiff's Motion for Attorney Fees (Doc. No. 26). Plaintiff seeks an award of $16,708.50, consisting of 71.10 hours at the rate of $235.00. The amount of time expended is supported by the Affidavit of Mr. Meadows who avers that he has actually performed legal services in this case for Ms. Maddox in the amount and at the rate requested.

15 U.S.C. § 1692k provides that in any successful action to enforce liability under the Fair Debt Collection Practices Act, the debt collection is liable to the plaintiff for a "reasonable attorney's fee, as determined by the court."

In order to estimate initially a reasonable fee, the district court will multiply the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). *See also, Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The district court may exclude from this computation time which was not reasonably expended, such as hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434. When this lodestar amount is computed and if circumstances warrant, the

1

court may thereafter adjust the award, by applying a multiplier or divisor.[1]  *Id.*  Nonetheless, "[a] strong presumption that the lodestar figure--the product of reasonable hours times a reasonable rate--represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute...." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 921 L. Ed. 2d 439 (1986).  Where a plaintiff wins only nominal damages after trial, a reasonable fee may well be no fee at all.  *Cramblit v. Fikse*, 33 F. 3d 633 (6th Cir. 1994) relying on *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992).  In determining the reasonableness of a fee award, the most critical factor is the degree of success obtained.  *Citizens Against Tax Waste v. Westerville City School*, 985 F. 2d 255, 258 (6th Cir. 1993).

In their argument about what fee would be reasonable, counsel advert at length to settlement negotiations in the case.  None of the representations is made under oath; more importantly, these representations appear to be inadmissible under Fed. R. Evid. 408.

Plaintiff's counsel avers that his hourly charge for the work he performed for Plaintiff is $235.00.  The Motion is not, however, supported by what the Court ordinarily expects to see: affidavits from other counsel in the area as to the reasonableness of the fee or by any other evidence.  The Court is left, then, to determine the reasonableness of the hourly rate from its own prior experience in FDCPA and other fee-shifting cases.  Based on that experience, the Court finds an hourly rate of $150 to be reasonable.  Thus the lodestar amount for the whole case is $10,665.00.

In this case, the FDCPA claim on which the Plaintiff was successful was joined at trial with her claim under Ohio law that disclosure of her Social Security number to her niece was a violation of her common-law privacy rights under Ohio law.  Plaintiff was unsuccessful on that claim and

---

[1] In deciding whether to make an upward or downward adjustment, the court may apply the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *Blanchard*, 489 U.S. at 91.

2

indeed pointed to no Ohio law which found violation of a right of privacy in disclosing a Social Security number to a relative. The attorney fee award is properly reduced for lack of success on the right of privacy claim. In addition, the right of privacy claim was made under Ohio common law, not under the FDCPA.

In finding that Defendant violated the FDCPA, the Court awarded statutory damages of $500; Plaintiff has not proven any right to compensatory damages caused by the violation. This is not a situation where Plaintiff would have reasonably believed up until trial that there was a reasonable possibility of recovering compensatory damages for the FDCPA violation. In other words, as to the FDCPA violation, this was always (or at least for a substantial time prior to trial) a statutory damages case. (In contrast, had she proven a violation of her right to privacy, Plaintiff might have been entitled to substantial compensatory damages for that tort.)

Some of the time expended by Plaintiff's counsel was in resisting the motion for summary judgment of Martin Melson, an unsuccessful effort (See Doc. No. 14).

While the amount of actual recovery in dollars was limited, the Court cannot say that the case was entirely a matter of economic waste as alleged by Defendant, especially since the Court has excluded any consideration of the settlement discussions. Plaintiff vigorously investigated possible violations of the FDCPA by various entities which were trying to recover from her niece and it is probable her vigorous investigation substantially aided in excluding her from those efforts. The case was thus "successful" in obtaining a cessation of efforts to involve her, inappropriately, in her niece's credit problems. While it may have been unwise on her part to invest as much as she did in this litigation, the Court cannot say that all of that investment was unwise.

Considering all of the above factors, the Court finds that an attorney fee award of $3,500 is reasonable in this case.

The Clerk will accordingly enter judgment in favor of the Plaintiff and against the Defendant

3

in the amount of $4,000.


June 23, 2006.

                                                   s/ Michael R. Merz
                                    Chief United States Magistrate Judge